UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>THEODORE J. LEONIS, et al.,<br><br>    Defendants. | Case No. 14-cv-01104-JST<br><br>**AMENDED ORDER GRANTING MOTION TO DEPOSIT FUNDS WITH COURT AND DISCHARGE AND DENYING MOTION FOR ATTORNEYS' FEES[1]**<br><br>Re: ECF No. 21 |

In this interpleader action, Plaintiff Metropolitan Life Insurance Company ("MetLife") moves the Court for an order permitting deposit of $21,000.00, plus statutory interest, in life insurance proceeds, and for discharge from any further liability and dismissal with prejudice. ECF No. 21 at 1. Plaintiff also moves for attorneys' fees in the amount of $2,394. Id. The Court will GRANT the motion to deposit funds and for discharge from any further liability and dismissal with prejudice from the action. The Court will DENY the motion for attorneys' fees.

## I.  BACKGROUND

According to MetLife's complaint, James T. Leonis ("the decedent") was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the Office of Personnel Management pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701, et seq. ECF No. 1 ¶¶ 5, 7. His life insurance benefits, in the total amount of $21,000, became payable upon his death on October 7, 2011. Id. ¶ 12–13. Under federal law,

---

[1] This order corrects the one issued on November 4, 2014, ECF No. 29, to provide that the funds at issue will be deposited with accrued interest, for the dismissal of MetLife with prejudice, and for the discharge of MetLife from any further liability for benefits payable as a result of the death of James Theodore Leonis under the FEGLI Policy.

these benefits must be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . . .
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation. . . .

5 U.S.C. § 8705(a); ECF No. 1 ¶ 10.

Defendant Theodore J. Leonis is a surviving son of the decedent, Defendant Virginia L. Leonis is a surviving daughter of the decedent, and Jodi A. Zugnoni is a surviving granddaughter of the decedent. ECF No. 1 ¶¶ 2–4. The most recent beneficiary designation form on file, dated March 29, 2005, names Jodi A. Zugnoni and Virginia L. Leonis as co-equal beneficiaries of the FEGLI benefits. Id. ¶ 11, Ex. A. However, Theodore J. Leonis provided to Plaintiff documentation in support of his claims that, prior to his death, the decedent was physically and financially abused by Virginia L. Leonis and Jodi A. Zugnoni and that the decedent's decision-making capacity was compromised at the time he signed the 2005 beneficiary designation form. Id. ¶¶ 14–16. Theodore J. Leonis's Claims for Death Benefits identify Theodore J. Leonis and Virginia L. Leonis as the decedent's only children and state that the decedent did not leave a surviving spouse. Id. ¶ 17, Exs. D, E.

Because MetLife could not determine whether a court would conclude that Virginia L. Leonis or Jodi A. Zugnoni should be disqualified from receiving some or all of the FEGLI benefits, it brought this interpleader action to permit this Court to determine the proper disposition of the benefits, naming as Defendants Theodore J. Leonis, Virginia L. Leonis, and Jodi A. Zugnoni. ECF No. 1; see Fed R. Civ. P. 22.

MetLife sought a stipulation providing for the contested funds to be deposited with the Court and for MetLife to be discharged from the action. ECF No. 21-1 ¶ 2. Defendants Theodore J. Leonis and Virginia L. Leonis have signed the stipulation but, notwithstanding repeated

1   requests, Jodi A. Zugnoni did not sign the stipulation. Id. ¶¶ 2–6, Ex. A, B. As a result, MetLife
2   filed this motion on September 23, 2014. ECF No. 21. MetLife's counsel declares that MetLife
3   has incurred $2,394 in attorneys' fees in bringing this motion. ECF No. 21-1 ¶ 7.
4   　　　　Defendant Theodore J. Leonis filed a timely response to the motion, stating that he does
5   not oppose and has stipulated to MetLife's request to deposit the insurance funds at issue with the
6   Court, but objecting to MetLife's request for attorney's fees. ECF No. 22. Defendant Virginia L.
7   Leonis, appearing pro se, filed a response fifteen days after the deadline, stating that she does not
8   oppose MetLife's request that it be allowed to deposit the funds with the Court and that it should
9   be discharged from further liability and dismissed with prejudice. ECF No. 27 at 1. She does
10  oppose any award of attorneys' fees. Id. at 2. The Clerk entered default against Defendant Jodi
11  Zugnoni on October 20, 2014. ECF No. 25.

## II.   MOTION TO DEPOSIT FUNDS AND DISCHARGE

Federal Rule of Civil Procedure 67 provides in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

MetLife argues that it should be permitted to deposit the funds and should be discharged from liability and dismissed with prejudice because it is a disinterested stakeholder and does not assert any interest in the funds. ECF No. 21 at 7–8. No remaining party opposes this request. Good cause appearing, the Court hereby GRANTS the Motion to Deposit Funds and Discharge.

## III.   MOTION FOR ATTORNEYS' FEES

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir. 1984). MetLife asks the Court to award fees incurred in bringing this motion. ECF No. 21 at 9. MetLife relies on Sun Life Assurance Co. of Canada v. Chan's Estate, in which the court stated that "[a]s a general matter, a court will award fees from the proceeds where '(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into

3

court, and (4) has sought a discharge from liability.'"  No. 03-cv-2205-SC, 2003 WL 22227881, at *3 (Sept. 22, 2003) (quoting Septembertide Publ'g v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989)).  The court further explained that

> It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making.  Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claim and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings.

Id. (quoting 3A Moore's Federal Practice, at 22-171, 22-173); see also Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000) ("the availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation") (internal quotation marks omitted).  Defendants object that the Court should not award attorneys' fees in this case because the remaining Defendants, Theodore J. Leonis and Virginia L. Leonis, have not engaged in any bad faith or dilatory conduct.  ECF No. 22 at 3; ECF No. 27 at 2.

In an interpleader action, the trial court has discretion to grant or deny attorneys' fees based on the factors of each individual case.  San Rafael Compania Naviera, S.A. v. American Smelting & Refining Co., 327 F.2d 581, 587 (9th Cir. 1964) ("We did not hold that the court must grant any fees to such party, but only that it may do so." (citing Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 193–95 (9th Cir. 1962))).  Any attorneys' fee awards to disinterested interpleader plaintiffs must be limited to fees incurred in filing the action and pursuing release from liability, and "are typically modest."  Tise, 234 F.3d at 426–27.  "Moreover, because the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it."  Id. at 427.

Here, MetLife acknowledges that Theodore J. Leonis and Virginia L. Leonis each signed the proposed stipulation providing for the deposit of funds with the Court and the discharge of MetLife from the action. ECF No. 21 at 6. MetLife states that the attorneys' fees at issue "were incurred unnecessarily as a result of defendant Jodi Zugnoni's unwillingness to stipulate to deposit of the funds and discharge of MetLife." Id. at 7. But the Clerk has entered default against Defendant Jodi A. Zugnoni, and she is no longer a party to this action. ECF No. 25. MetLife seeks to recover only the fees incurred bringing this motion, not fees incurred preparing the complaint or otherwise taking steps that might benefit all parties. See ECF No. 21 at 9. The Court will not exercise its discretion to award attorneys' fees, to be subtracted from the decedent's life insurance benefits, based on the conduct of a Defendant who is no longer a party to this action. MetLife's request for attorney's fees is therefore DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Deposit Funds and Discharge and DENIES Plaintiff's Motion for Attorneys' Fees. The Clerk shall accept a check, payable to the Clerk, U.S. District Court, for an amount representing the policy amount of $21,000.00, plus accrued interest. The funds shall be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument. Fed. R. Civ. P. 67(b). Upon deposit of these funds, Plaintiff MetLife shall be dismissed from this action with prejudice and discharged from any further liability for benefits payable as a result of the death of James Theodore Leonis under the FEGLI Policy.

**IT IS SO ORDERED.**

Dated: November 12, 2014

_____
JON S. TIGAR
United States District Judge