UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE J. LEONIS, et al.,<br><br>Defendants. | Case No.  14-cv-01104-JST<br><br>**ORDER DENYING MOTION FOR AN ORDER DISTRIBUTING FEDERAL GROUP LIFE INSURANCE POLICY BENEFITS TO DEFENDANT THEODORE J. LEONIS**<br><br>Re: ECF No. 30 |
|---|---|

Before the Court is Defendant Theodore J. Leonis's Motion for an Order Distributing Federal Group Life Insurance Policy Benefits to Defendant Theodore J. Leonis. ECF No. 30. For the reasons set forth below, the motion is DENIED.

## I.  BACKGROUND

In this interpleader action, the parties seek the distribution of life insurance benefits that became payable upon the death of James T. Leonis on October 7, 2011. ECF No. 1 ¶¶ 12-13. The decedent was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by Metropolitan Life Insurance Company ("MetLife") to the Office of Personnel Management pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701, et seq. ECF No. 1 ¶¶ 5, 7. Under federal law, on the establishment of a valid claim, the benefits must be paid to persons surviving at the date of his death, in the following order of precedence:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . . .
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee

and descendants of deceased children by representation. . . .

5 U.S.C. § 8705(a); ECF No. 1 ¶ 10.

Defendant Theodore J. Leonis is a surviving son of the decedent and Defendant Virginia L. Leonis is a surviving daughter of the decedent. ECF No. 1 ¶¶ 2-3. The most recent beneficiary designation form on file, dated March 29, 2005, names Virginia L. Leonis and Jodi A. Zugnoni as co-equal beneficiaries of the FEGLI benefits.[1] ECF No. 1 ¶ 11, Ex. A. However, Mr. Leonis provided to MetLife documentation in support of his claims that, prior to his death, the decedent was physically and financially abused by Ms. Leonis and Ms. Zugnoni and that the decedent's decision-making capacity was compromised at the time he signed the 2005 beneficiary designation form. Id. ¶¶ 14-16. Mr. Leonis's Claims for Death Benefits identify Mr. and Ms. Leonis as the decedent's only children and state that the decedent did not leave a surviving spouse. Id. ¶ 17, Exs. D, E.

Because MetLife could not determine whether a court would conclude that Ms. Leonis or Ms. Zugnoni should be disqualified from receiving some or all of the FEGLI benefits, it brought this interpleader action to permit the Court to determine the proper disposition of the benefits. ECF No. 1; see Fed. R. Civ. P. 22. MetLife has been dismissed from this action and the funds at issue have been deposited with the Court. ECF Nos. 34, 48.

On November 7, 2014, Mr. Leonis filed a motion seeking an order distributing the FEGLI Policy benefits solely to him. ECF No. 30. Ms. Leonis opposes the motion. ECF No. 40.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II. LEGAL STANDARD

The Court construes the motion to distribute the FEGLI benefits as a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All reasonable inferences must be drawn in the light most favorable to the non-moving party. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004).

---

[1] The Clerk entered default against Jodi Zugnoni on October 20, 2014. ECF No. 25.

### III. DISCUSSION

Mr. Leonis argues that the FEGLI benefits should be distributed solely to him because they are part of the decedent's estate and California Probate Code section 259 bars Ms. Leonis from inheriting from the estate as a result of her 2011 conviction of the financial elder abuse of the decedent. ECF No. 30 at 3. This argument fails for three reasons. First, Mr. Leonis has not established that the FEGLI benefits are part of the decedent's estate. Second, contrary to Mr. Leonis's argument, California Probate Code section 259 does not bar Ms. Leonis from inheriting from the decedent's estate. Third, even if section 259 did have this effect, it would be preempted by federal law.

#### A. Inclusion of Benefits in Decedent's Estate

Mr. Leonis argues that the FEGLI benefits are part of decedent's estate. ECF No. 30 at 3-4. He relies on 42 U.S.C. § 1396p(b)(4), which provides that

> For purposes of this subsection, the term "estate," with respect to a deceased individual —
>
> (A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and
>
> (B) may include, at the option of the State (and shall include, in the case of an individual to whom paragraph (1)(C)(i) applies), any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, <u>or other arrangement</u> [emphasis added].

Defendant contends that because "California utilizes the federal definition of 'estate,'" the decedent's FEGLI benefits are part of his estate. ECF No. 30 at 3; see <u>Bontá v. Burke</u>, 98 Cal. App. 4th 788, 790 (2002) (discussing California's mandatory program to recover the costs for medical services from the estate of the former recipient).

Mr. Leonis has failed to establish that the FEGLI benefits are part of the decedent's estate for probate purposes. First, his reliance on 42 U.S.C. § 1396p(b)(4) and <u>Bontá</u> is misplaced because section 1396p(b)(4) defines the term estate "for purposes of" subsection 1396p(b), which

3

1    concerns "[a]djustment or recovery of medical assistance correctly paid under a State plan."  Mr.
2    Leonis does not explain why this definition should apply to the life insurance benefits at issue in
3    this case.  Second, California law excludes from probate property which has been disposed of by
4    provision for nonprobate transfer in a written instrument, including through a life insurance policy
5    transferring benefits to named beneficiaries.  See Cal. Prob. Code § 5000; Estate of Petersen v.
6    Petersen, 28 Cal. App. 4th 1742, 1746 (1994); McDaniel v. GEICO Gen. Ins. Co., No. 1:12-cv-
7    2028 AWI JLT, 2014 WL 4792561, at *19 (E.D. Cal. Sept. 24, 2014).

### B.    California Probate Code Section 259

Mr. Leonis also relies on California Probate Code section 259.  ECF No. 30 at 4.  He points to subsection 259(b), which provides that "[a]ny person shall be deemed to have predeceased a decedent to the extent provided in subdivision (c) if that person has been convicted of a violation of Section 236 of the Penal Code or any offense described in Section 368 of the Penal Code."  Subsection 259(c) provides that "any person  found liable under subdivision (a) or convicted under subdivision (b) shall not (1) receive any property, damages, or costs that are awarded to the decedent's estate in an action described in subdivision (a) or (b), whether that person's entitlement is under a will, a trust, or the laws of intestacy . . . ."  Ms. Leonis was convicted of a violation of California Penal Code section 368(b)(1) in 2011.  ECF No. 31 Ex. C.  Therefore, Mr. Leonis contends, Ms. Leonis is deemed to have predeceased the decedent and is statutorily prohibited from inheriting anything from his estate.  ECF No. 30 at 4.

This argument is based on a misreading of section 259.  The statute does not completely bar persons convicted of the offenses described in subsection 259(b) from inheriting from the decedent's estate.  Rather, it provides that a person convicted under the relevant criminal statutes shall not receive any property awarded to the estate in conjunction with those proceedings.  In other words, it prohibits persons from inheriting funds that they caused to be added to the decedent's estate as a result of their wrongdoing.  "Section 259 does not necessarily eliminate the abuser's entitlement to a share of the estate; it simply restricts the value of the estate to which the abuser's percentage share is applied and prevents that person from benefiting from his or her own

Case 3:14-cv-01104-JST   Document 59   Filed 03/18/15   Page 5 of 6

wrongful conduct." In re Estate of Dito, 198 Cal. App. 4th 791, 803-04 (2011).[2]

As discussed above, Mr. Leonis has failed to establish that the FEGLI benefits are part of the decedent's estate. But even if they were part of the estate, they were not "awarded to the decedent's estate in an action described in [California Probate Code section 259] subdivision (a) or (b)" and therefore Ms. Leonis is not barred from inheriting them by section 259.

**C.     Preemption**

Finally, the Federal Employees' Group Life Insurance Act contains an express preemption provision:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1). "[W]here a beneficiary has been duly named, the insurance proceeds she is owed under FEGLIA cannot be allocated to another person by operation of state law." Hillman v. Maretta, 133 S. Ct. 1943, 1953 (2013). FEGLIA "evinces Congress' decision to accord federal employees an unfettered 'freedom of choice' in selecting the beneficiary of the insurance proceeds and to ensure the proceeds would actually 'belong' to that beneficiary." Id. at 1952. Accordingly, Mr. Leonis's argument that Ms. Leonis, a beneficiary designated by the decedent, is barred from receiving any of the FEGLI benefits by California Probate Code section 259 must fail.

**IV.    SCHEDULING ORDER**

The Court now sets the following additional deadlines:

| | |
|---|---|
| Discovery cut-off | June 30, 2015 |
| Pre-trial statement due | September 1, 2015 |
| Pre-trial conference | September 11, 2015 at 2:00 p.m. |
| Trial | October 5, 2015 at 8:30 a.m. |

---

[2] By contrast, a person who intentionally and feloniously kills the decedent "is deemed to have predeceased the decedent for purposes of *any* property, interests, or benefits the person would otherwise be entitled to receive by reason of the decedent's death." In re Estate of Dito, 198 Cal. App. 4th at 803 n.6 (emphasis added).

Trial will be to the Court. The parties are advised that, unless otherwise ordered, the pre-trial conference will take place at the Oakland Courthouse, 1301 Clay Street, Oakland, California. All other proceedings, including trial, will take place in Courtroom 9, 450 Golden Gate Avenue, San Francisco, California.

### IV. CONCLUSION

For the reasons set forth above, Mr. Leonis's motion for an order distributing the FEGLI benefits solely to him is denied. The matter will proceed to trial.

The Court sets a bench trial date on October 5, 2015. Ms. Leonis's recently filed motion for a new trial date, ECF No. 54, is terminated as moot.

Ms. Leonis is advised that her "notice[s] of new evidence," ECF Nos. 56, 58, do not require further action by the Court.

IT IS SO ORDERED.

Dated:  March 18, 2015

_____
JON S. TIGAR
United States District Judge